UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JORGE GOMEZ-CARBAJAL

Case No.: 8:18-cr-163-T-27AAS

_____/

## ORDER

**BEFORE THE COURT** is Defendant Gomez-Carbajal's Motion Pursuant to 18 U.S.C. § 3582 (Dkt. 67). No response is necessary. The motion is **DENIED**.

Gomez-Carbajal pleaded guilty to possession with intent to distribute five or more grams of methamphetamine (Count Two) and possession of a firearm in furtherance of a drug trafficking crime (Count Three). (Dkts. 23, 26). He was sentenced to 70 months imprisonment on Count Two and a consecutive term of 60 months imprisonment on Count Three, to be served consecutive to the sentence imposed in Case No. 8:14-cr-331-T-24AEP and followed by supervised release. (Dkt. 41). His sentence and convictions were affirmed on appeal. *United States v. Gomez-Carbajal*, 772 F. App'x 836 (11th Cir. 2019). His motion under 28 U.S.C. § 2255 was denied. *See* Case No. 8:19-cv-1925-T-27AAS.

He now seeks a reduction of his sentence under 18 U.S.C. § 3582, contending that "[t]his case requires after the FSA 2018 to decide whether [his] period of supervised release is tolled, and paused for the 'new criminal offense.'" (Dkt. 67 at 3). He appears to contend that he has "covered offenses" under Section 404(a) of the First Step Act, and that "if the courts later imposed sentence credits the period of the new sentence imposed should be consolidated with the supervised release

1

or probation violation." (Id. at 3). He also asks for a plenary resentencing and for "compassion." (Id. at 4, 6). However, he is not entitled to a sentence reduction.

First, Gomez-Carbajal has not asserted any facts or extraordinary and compelling reasons which would entitle him to a reduction of sentence under § 3582(c)(1)(A). Second, although § 3582(c)(1)(B) allows for a modification "expressly permitted by statute," Gomez-Carbajal does not identify a statute which permits modification. To the extent he contends that his convictions constitute "covered offenses" under the First Step Act, he is incorrect. The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." First Step Act § 404(a). Gomez-Carbajal's offenses were not committed before August 3, 2010, and their statutory penalties were not modified by the Fair Sentencing Act. Indeed, the "relevant statutory amendments . . . applied only to cocaine, which was not a factor in calculating" his sentence. *See United States v. Brown*, 791 F. App'x 785, 788 (11th Cir. 2019). Similarly, he has not shown that he was sentenced based on a sentencing range that has been lowered pursuant to 28 U.S.C. § 994(o). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 2D1.1(c)(7); (Dkt. 37 ¶ 19).

Last, Gomez-Carbajal relies on *Mont v. United States*, 139 S. Ct. 1826 (2019), in which the Supreme Court held that "pretrial detention later credited as time served for a new conviction is 'imprison[ment] in connection with a conviction' and thus tolls the supervised-release term under [18 U.S.C.] § 3624(e)." 139 S. Ct. at 1832. However, he cites no authority finding that a tolled period of supervised release warrants a sentence reduction or that the sentence imposed "should be consolidated with the supervised release or probation violation." (Dkt. 67 at 3).

In sum, absent statutory authority that allows a modification to his sentence, this Court cannot grant a sentence reduction. Accordingly, the motion is **DENIED**.  (Dkt. 67).

**DONE AND ORDERED** this 10th day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record